IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TEXTRON AVIATION, INC.,

    Plaintiff,

v.                                                                            Case No. 18-1187-JWB

SUPERIOR AIR CHARTER, LLC,

    Defendant

SUPERIOR AIR CHARTER, LLC,

    Counter Claimant,

v.

TEXTRON AVIATION, INC., et al.,

    Counter Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Counterclaim Claimant Superior Air Charter's ("SAC") motion to reconsider. (Doc. 102.) The motion has been fully briefed. (Docs. 107, 108, 116.) For the reasons stated herein, SAC's motion is DENIED.

On November 21, 2019, this court entered an order granting Counterclaim Defendants' motions to dismiss. (Doc. 94.) The detailed background is set forth in that order and will not be restated here. With respect to the issue on reconsideration, the court held that the Kansas choice of law provisions in the agreements at issue were enforceable because SAC had not alleged fraud with respect to those provisions and only alleged fraud generally. (Doc. 94 at 4-7.) The court then applied Kansas law to SAC's claims against Textron. As a result, SAC's tort claims were barred

by the statute of limitations and SAC's claim under Cal. Bus. & Prof. Code § 17200, California's Unfair Competition Law ("UCL"), was dismissed as that claim cannot be maintained when another state's law is applicable to the cause of action. (Doc. 94 at 10-11.) The court applied California law to SAC's claims against Cessna Finance Corporation ("CFC") and Donald Beverlin. Although California law applied, Kansas law requires the application of its own statute of limitations with respect to the tort claims. (Doc. 94 at 8.) This resulted in the tort claims being dismissed against CFC and Beverlin as well. The court dismissed the UCL claim on the basis that the allegations involved commercial parties in a business relationship and, therefore, the UCL was inapplicable. (Doc. 94 at 11-13.)

SAC now moves this court to reconsider its determination of the enforceability of the choice of law provision. Although that would not result in a different outcome, due to the analysis of the claims as to CFC and Beverlin, SAC claims that if the motion is granted it will then move to amend its counterclaim to somehow cure the defect in its UCL claim. (Doc. 102 at 5.) SAC claims this amendment would be straightforward but fails to specifically identify what additional allegations would be included that would state a plausible claim under the UCL. Although this motion could be denied as moot because it is likely futile, the court will briefly address SAC's argument.

SAC claims that this court's decision was erroneous in its reliance on *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953 (10th Cir. 1992) and that the court should have applied *Aces Transp., Inc. v. Ryan Transp. Servs., Inc.*, No. 05-2434 JWL, 2006 WL 1487008 (D. Kan. May 24, 2006) (applying California choice of law rules). As stated in this court's local rules, motions to reconsider are appropriate when there is (1) an intervening change in the controlling law, (2) new evidence, or (3) the need to correct clear error or prevent manifest injustice. D. Kan.

R. 7.3. A motion for reconsideration is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). SAC's arguments have already been presented to the court and therefore reconsideration is not appropriate.

Therefore, SAC's motion to reconsider (Doc. 102) is DENIED.

**IT IS SO ORDERED** this 16th day of January 2020.

                                            ___s/ John W. Broomes_____
                                            JOHN W. BROOMES
                                            UNITED STATES DISTRICT JUDGE