# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TEXTRON AVIATION, INC., )
)
Plaintiff, )
)
v. )
)
SUPERIOR AIR CHARTER, LLC, ) Case No.: 18-1187-JWB-KGG
)
Defendants )
)

## ORDER ON MOTION TO COMPEL
## AND TO EXTEND DEADLINES

The above-captioned case relates to the failure to pay on maintenance agreements on certain aircraft. (*See* No. 18-1187, Doc. 1, at 2-3.) A companion case, No. 18-1095 (hereinafter "Cessna Finance case"), relating to failure to pay for certain aircraft and the abandoning thereof is also currently pending in this District.

On February 13, 2020, the Court held an in-person hearing relating to three overlapping discovery motions pending in these two cases. (*See* Doc. 122.) The Court ruled on some issues at the hearing. The Court's remaining rulings on those motions will be addressed by separate Order. At the hearing, the Court also addressed an additional Motion to Compel (Doc. 125) in the above-captioned case as well as motions to extend the expert disclosure deadlines in both cases (Doc.

1

140; No. 18-1095, Doc. 128). The motion in the present case is also the subject of this Order, while an additional Order is being filed in the companion case to address that motion to extend.

**A.  Motion to Compel (Doc. 125).**

Plaintiff Textron moves to compel responses from Superior Air to Plaintiff's second document requests as well as a second subpoena to JetSuite. JetSuite is not a party to this lawsuit, but is a Defendant in the Cessna Finance case. The document requests to Superior Air and the subpoena to JetSuite sought the same 10 categories of documents. Prior to the hearing, the parties resolved their issues as to all but one category of requested documents. (*See* Doc. 146, at 3.)

The issue remaining deals with category 10, any contracts between Defendant and any third party for maintenance on any of Defendant's aircraft from 2012 to the present. Respondents objected this request is vague and overly broad because the kinds of "maintenance" requested are not specified and because of the aircraft included in the request, which includes aircraft other than the CJ3s at issue in this litigation. (Doc. 126, at 9.) Defendants also object that the information sought is irrelevant and disproportionate to the needs of the case.

Plaintiff argues the corrosion issues in the aircraft were the direct result of Respondents' failure to maintain the aircraft, which entitles Plaintiff to review any contracts between either of the Respondents and any third-party maintenance

2

providers "to determine who was responsible for performing certain types of maintenance on the aircraft, how often, and any other terms of the arrangements." (*Id.*) Plaintiff argues this information may also lead to additional discoverable information in the form of documents that must be subpoenaed from third-party maintenance providers. Plaintiff continues that if Respondents have contracts for maintenance on other aircraft besides the eight JetSuite Aircraft, Plaintiff is "entitled to review those documents as well in order to understand differences in the terms and level of service that [Respondents] were willing to provide for their different types of aircraft." (*Id.*)

At the hearing, Defendant argued that this request is improper because it is open-ended as to the type of maintenance. Defendant continued that this information does not provide evidence as to how the airplane was cared for by owner, which Plaintiff contends is a reason the information is relevant. Defendant also addressed the issues of burden and proportionality. Defense counsel agreed to provide maintenance contracts for CJ3s, but drew the line at providing such information regarding other models of airplanes. Plaintiff indicated that it was seeking the overarching maintenance contracts.

The Court **sustained** Defendant's objections, finding that all contracts relating to all airplanes and maintenance providers was facially overly broad. As

such, Plaintiff's Motion to Compel (Doc. 125) is **DENIED** as to the remaining issue.

### B. Unopposed Motion to Extend Expert Deadlines (140).

In the present case, Defendant requests that "proponent expert disclosures for experts who may rely on documents that are the subject of [Defendant's] pending motion to compel and the motions to compel pending in the companion case be due 90 days after the production of all documents compelled in connection with those motions."[1] (Doc. 140, at 1.) The Court **GRANTED** this motion **in part**.

The expert deadlines in both cases were **suspended**. The Court informed the parties that this may result in the remaining deadlines in the case being extended at a later time. The Court set an in-person status conference for both cases to occur on March 24, 2020, at 1:30 p.m. The parties were instructed to provide the Court with a joint memo outlining what should be addressed at the status conference no later than March 17, 2020. The expert deadlines and all subsequent deadlines will be re-set at that hearing.

---

[1] As mentioned previously, a similar motion was filed by the Defendants in the Cessna Finance case. (No. 18-1095, Doc. 128.) Plaintiff Cessna Finance was the only party opposing the motion in that case; the remaining counterclaim Defendants do not oppose the requested extension. Regardless, that motion was also granted in part.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 125) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Unopposed Motion to Extend Expert Disclosure Deadlines (Doc. 140) is **GRANTED in part** as more fully set forth above.

IT IS SO ORDERED.

Dated this 14th day of February, 2020, at Wichita, Kansas.

S/ KENNETH G. GALE<br>
HON. KENNETH G. GALE<br>
U.S. MAGISTRATE JUDGE